IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEDRICK W. JOHNSON, | ) | |
| Plaintiff | ) | Civil Action No. 06-1302 |
| vs. | ) | Judge Donetta W. Ambrose/ |
| | ) | Magistrate Judge Amy Reynolds Hay |
| DANTE BERTANI, Public Defender, LARRY KOENIG, District Attorney Office, and ANDREW P. URBAN, Director Adult Probation, | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

REPORT

Shedrick W. Johnson, ("Plaintiff") is currently incarcerated at the Westmoreland County Prison ("WCP"). Proceeding pro se and as a pauper, Plaintiff seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue a Public Defender, the Prosecuting District Attorney and a Probation Officer. Plaintiff alleges in his complaint the date of the events as being from June 1, 2003 to October 31, 2003.[1] Doc. 3 at p. 3, ¶ IV.A. Plaintiff complains that he was wrongfully incarcerated during this period of time and that with information he obtained while in the WCP, he was able to successfully obtain a writ of habeas corpus issued by the state court directing his release. Specifically, he complains that:

---

[1] Although in the original complaint, Doc. 3, Plaintiff alleged the dates of the events to have been June 1, 2004 to October 31, 2004, in a motion to amend the complaint, Plaintiff clarifies that the dates of the events occurred in the year 2003. Doc. 5.

> 1 Through a comedy of errors Judge Richard McCormick, District Attorney, Probation and my Public Defender in collusion did collaborate and miscalculated my time and thus as a result of said action I was illegally incarcerated in Westmoreland County from 6-01-0[3] to 10-31-0[3] a period of (5) five months.
> . . . .
> 3 Through numerous attempts to get this situation rectified via the Public Defenders office, the Adult Probation office[,] my efforts were met with apathy, indifference and a total disregard to any and everything I had to say concerning my imprisonment
> . . . .
> 6 [As] a pre-trial O.R. bond release condition, Lt. Ron Zellers, Magistrate Frank Pallone and District Attorney Larry Koenig, for [my] possession of a crack pipe violated my I [First] Amendment right of peaceable assembly by restricting no more than (3) three people in my home at a time and they must be family members. Public Defender did not object or advise me of my constitutional rights.
> 7 Lt. Zeller subsequently came to my home, did a head count, got with the D.A. and they moved for a revocation hearing.  Probation and the D.A. Larry Koenig pressed for Jail Time. So Judge McCormick sentenced me to 4 to 12 months for more than three people in my home.  On all subsequent dealings with Mr. Koenig he zealously pursues jail time for me.
> 8 On my current incarceration this same D.A. Koenig was instrumental in having an O.R. bond denied for me.  Objectivity of D.A.'s office has been compromised because with the same documents [and] records that I used to prove my innocence were also available to the D.A.'s office and the Probation Dept. and the Public Defenders Office.

Doc. 3.

## A.    Applicable Legal Principles

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that–  (A) the allegation of poverty is untrue; or  (B) the action or appeal– (i) is frivolous or malicious;  (ii) fails to state a claim on which relief

may be granted;  or   (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Here, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[2]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In conducting this review, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii));  Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).  Pursuant to Fed. R. Civ. Proc. 12(b)(6), a motion to dismiss may be granted by the court if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73

---

[2] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

(1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).  Further, the court must accord a liberal reading of complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

    B.    Discussion

        1.    **The Complaint is time barred**

Plaintiff's claims are barred by the statute of limitations.  Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985).  Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state.  See id.   The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years.  Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania.").

A federal district court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Alston v. Tennessee Dept. of Corrections, 28 Fed.Appx. 475 (6th Cir. 2002); Tate v. United States, 13 Fed.Appx. 726 (9th Cir. 2001); Johnstone v. United States, 980 F.Supp. 148, 154 (E.D.Pa. 1997)

("When a complaint on its face shows that the action was filed outside of the applicable limitations period, and the court has satisfied itself that no legal rule tolls or otherwise abrogates the limitations period, sua sponte dismissal is appropriate under § 1915.").

Herein, the wrong complained of by Plaintiff, namely, his improper incarceration, which was accomplished as a result of the alleged tortious actions of the Defendants, occurred from June 1, 2003 until October 31, 2003 when, according to the complaint, a state writ of habeas corpus was issued freeing Plaintiff.  Doc. 3 at ¶ 2.  Plaintiff did not "file"[3] his application to proceed in forma pauperis, which would stop the running the of the statute of limitations,[4] until August 17, 2006, nearly three years after he was released, i.e., after the allegedly wrongful incarceration[5] ceased. Thus, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations.  Accordingly, the complaint should be dismissed before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit.

---

[3]  The Plaintiff's application for IFP status was not signed until August 17, 2006, which is the earliest this court could deem Plaintiff's suit as being filed, which is beyond the two year limitations period. See Cromwell v. Keane, 27 Fed.Appx. 13 (2d Cir. 2001)(for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[4]  Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed in forma pauperis is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.")

[5]  This case is not barred under Heck v. Humphrey, 512 U.S. 477 (1994) because Plaintiff alleges that his confinement was successfully challenged by his obtaining of a state writ of habeas corpus. Moreover, for statute of limitations purposes, the statute of limitations began to run, at the latest, when the writ was obtained and/or when he was released, which, in either event was not later than October 31, 2003. Heck, 512 U.S. at 489-90 ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

### 2. Defendant Bertani

Alternatively, the complaint must be dismissed against Defendant Bertani because he does not act under color of law and/or he is entitled to absolute immunity.

#### a) No action under color of law

In order to state a claim under 42 U.S.C. § 1983, the complaint must reveal that (1) the challenged conduct was committed by a person acting under color of state law and (2) that the conduct infringed on Plaintiff's federal rights. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff's complaints against Dante Bertani, the Public Defender, fail to state a claim because the acts of the Public Defender are not acts committed under color of state law as is required to state a claim under Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

To the extent that Plaintiff's allegations about Defendant Bertani acting in collusion with the District Attorney are other than conclusory allegations,[6] such allegations could render Bertani a state actor.[7] The complaint must be dismissed nevertheless against Defendant Bertani, the Public Defender because he is entitled to absolute immunity.

#### b) Public Defenders are absolutely immune

The Court of Appeals for the Third Circuit has long held that "public defenders and court appointed counsel acting within the scope of their professional duties are absolutely immune from

---

[6] Durham v. City and County of Erie, 171 Fed. Appx. 412, 415 (3d Cir. 2006)("Under the notice-pleading standard, a complaint must include more than 'conclusory allegations of concerted action . . . .' Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998). It must also contain at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn.").

[7] See, e.g., Durham v. City and County of Erie, 171 Fed. Appx. at 415 ("a public defender is not a state actor for the purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). However, defense counsel may be sued under § 1983 if he conspires with a state actor"); Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir. 1985) (essentially, a private party can be liable under § 1983 if "state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights.").

civil liability under § 1983." <u>Black v. Bayer</u>, 672 F.2d 309, 320 (3d Cir. 1982), *abrogation on other grounds recognized in,* <u>D.R. by L.R. v. Middle Bucks Area Vocational Technical School</u>, 972 F.2d 1364 (3d Cir. 1992).  Hence Attorney Bertani, as the Public Defender is entitled to absolute immunity from suit.  Accordingly, the complaint must be dismissed as against him.[8]

CONCLUSION

       In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

                                            /s/ Amy Reynolds Hay
                                            United States Magistrate Judge

Dated: January 19, 2007

cc:     The Honorable Donetta W. Ambrose
        United States District Judge

        Shedrick W. Johnson
        2392-2006
        Westmoreland County Prison
        3000 South Grande Boulevard
        Greensburg, PA 15601

---

[8] As for the probation office defendant, Andrew Urban, and the District Attorney, the complaint against them should be dismissed on the reasoning of the statute of limitations.